IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RANDALL WOODRUFF and
MICHAEL SHANE WOODRUFF,
et. al.,

               Plaintiffs,

    v.

JUDGE SIDNEY NATION and
JUDGE HARRY ALTMAN, et. al.,

               Defendants.

1:17-cv-3232-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Randall Woodruff's response to

the Court's May 14, 2018, order to show cause [66.5] and Plaintiffs Michael Shane

Woodruff, Wooden Nickel Pub LLC, Wooden Nickel Holdings LLC, and

Nationslink Communications Inc.'s (the "Woodruff Plaintiffs") response to the

Court's May 14, 2018, order to show cause [65] and Motion for Leave to File

Matters Under Seal [53].

## I.    BACKGROUND

On March 1, 2018, the Court ordered that Plaintiffs, on or before March 21,

2018, show cause why defendants were not served during the more than 150 days

that elapsed since the filing of this action.  ([23]).  On March 14, 2018, Stephen F.

Humphreys entered an appearance on behalf of the Woodruff Plaintiffs. ([24]). Represented by counsel, the Woodruff Plaintiffs filed a response to the order to show cause. ([25]). On March 22, 2018, the Woodruff Plaintiffs filed a Notice of Filing [26], to provide notice to the Court of "the Response by [*pro se* Plaintiff] Randall Woodruff to the show cause order of March 1, 2018." The Response was attached.

Counsel for the Woodruff Plaintiffs stated in response to the order to show cause that "[u]pon information and belief, plaintiffs have been proceeding *pro se*, necessitating judicial approval of their pleadings and service of same. Thus it would appear that plaintiffs believed they could not serve the complaint until summons were issued and approved by the Court." ([25] at 1). Counsel represented that "Plaintiff Randall Woodruff has this day filed his response to the show cause order, includes a statement on the status of service of the party defendants." (Id.). Counsel explained that "[u]ndersigned counsel entered an appearance on March 14, 2018, and is only now sorting the complexities of the multifarious parties and allegations" and "requests the Court to continue these proceedings to allow sufficient time to evaluate the matter and afford plaintiffs the opportunity to file an amended complaint with assistance of counsel." (Id. at 1-2).

Counsel anticipates that granting a 21-day continuance "will clarify the issues and streamline the proceedings." (Id. at 2).

On March 26, 2018, the Court, having considered the request and counsel's representations, granted a continuance of 21 days for Plaintiffs to file an amended complaint that complies with Fed. R. Civ. P. 11. ([28]). The Court stated that it would "consider the sufficiency of the parties' responses to the order to show cause after evaluating Plaintiffs' amended complaint." (Id. at 2-3). The Court ordered Plaintiffs to file an amended complaint by April 13, 2018. (Id.). Due to excessive frivolous filings that did not comport with the Federal Rules, the Court further ordered Plaintiff Randall Woodruff to refrain from any additional filings until the filing of an amended complaint by counsel. (Id. at 3).

Plaintiffs did not comply with the Court's order. The Woodruff Plaintiffs instead filed a Motion to Extend time to Amend Complaint [44] by 10 days. Counsel requested the 10 day extension to "resolve issues of representation which should simplify the litigation going forward, and file an appropriate amendment that satisfies the requirements of Rule 11." ([44] at 2). Plaintiffs did not file an amended complaint, or a motion for additional time, within the requested extension period.

On April 25, twelve days after the Court imposed deadline for filing an amended complaint that complies with Rule 11, the Woodruff Plaintiffs filed a Preliminary Report [51]. Counsel stated that new claims had been discovered and that "[c]ounsel anticipates it will require an additional 10 days to review the potential new claims and file an amendment in compliance" with the Federal Rules of Civil Procedure. (Id. at 3). Plaintiffs did not file an amended complaint, or a motion for additional time to file, within this requested extension period.

On May 8, 2018, 25 days after the date the Court set for filing an amended complaint, the Woodruff Plaintiffs filed a Motion for Leave to File Matters Under Seal [53]. That motion makes several requests, including: (1) general authority to file pleadings under seal; (2) a stay pending the outcome of unspecified criminal investigation(s); (3) 180 days to file "an amended complaint to serve as preliminary notice of all civil matters that may be stopped by criminal conviction;" (4) an order directing Defendants' counsel "to refrain absolutely from making any disclosures that would disclose the identity of informants (see 18 USC 1513 (e & f)), or would in any way impede or obstruct the ongoing investigations;" (5) an order directing "all parties now on notice that they may be party-defendants to this action, according to the style of the pro se complaint . . . to preserve and maintain all evidence, and not to conceal, alter, or destroy any record, including but not

limited to any record of a financial institution or any public document or record, in any form, or stored in any medium whatsoever; and (6) an order that "no account associated with the Plaintiffs, whether for lending or deposit, whether opened by any of the Plaintiffs or opened or maintained by putative defendants in the name of any of the Plaintiffs, or any account into which funds have been transferred from Plaintiffs' possession, shall be closed." ([53] at 4-5). Counsel offered little, if any, support justifying those requests. Plaintiff merely stated that "significant evidence of criminal activity has been uncovered in the course of this investigation that is beyond the scope of a private attorney within the Court's order regarding amendment of the pro se complaint" and that a stay is needed "to allow a full criminal investigation to be conducted." ([53] at 1-2). Counsel did not provide specifics regarding the criminal investigation alleged to be needed. Nor did Counsel submit an amended complaint for the Court to evaluate and determine whether it contained information that should be sealed.

On May 14, 2018, the Court ordered Plaintiffs to show cause why this case should not be dismissed for failure to comply with the Court's March 26, 2018, order to file a complaint that complies with Fed. R. Civ. P. 11. The Court noted Plaintiffs' failure to file an amended complaint by the Court-ordered April 13, 2018 deadline and warned that Fed. R. Civ. P. 41(b) "authorizes a district court to

5

dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."  ([60] at 4).

On May 24, 2018, the Woodruff Plaintiffs filed a response to the order to show cause [65], including an affidavit of counsel Stephen Humphreys  [65.1].[1] The Response repeats the assertion that "evidence of criminal conduct in this ongoing investigation needs to be protected."  ([65] at 2).  The Response also complains that the Court quashed subpoenas counsel issued to obtain Michael Woodruff's bank records.  (Id.).  The  Woodruff Plaintiffs further complain that the order to show cause "does not address counsel's latest assessment of the investigation, based on the experience of counsel of that of his colleagues in federal law enforcement and counterintelligence—both with respect to the time needed for completion and the need for secrecy."  (Id. at 3).  The Response asserts that since the original deadline for filing of an amended complaint of April 13, 2018, "under every log turned over there was a big, fat Southwest Georgia timber rattler hiding.  Every one of these new crime scenes has to be approached with care."  (Id.).

---

[1]    The Response also purports to rely on "attached exhibits showing obstruction and delay by putative defendants impeding the progress of the ongoing criminal investigation(s) of the matters underlying the pro se complaint," but no such exhibits were filed.  ([65] at 1).

Counsel avers that "new issues have arisen at every stage" and that there is "compelling evidence of banking fraud, which was a claim not included in any of the pro se pleadings." ([65.1] at ¶ 8). Counsel states that "evidence sufficient to form pleadings for fraud that comply with Rule 9 of the Federal Rules of Civil Procedure has been hindered by the failure of certain putative defendants to cooperate, including by handing over records belonging to Michael Woodruff as sole owner of the business, Nationslink Communication, Inc." ([65.1] at ¶ 9). Counsel further asserts that "other new issues have arisen since the Court barred Plaintiff Randall Woodruff . . . from filing any pleadings," including "an extortionate threat from a putative defendant" that "is now also under criminal investigation." ([65.1] at ¶ 12-13).

Counsel acknowledges "that he has had little assistance from the pro se complaint, which is not readily understandable" and that he "has also had difficulty getting assistance from Michael Woodruff because of health issues." ([65.1] at ¶ 14). Counsel admits that "[i]n retrospect, overly optimistic assessments of tie [sic] needed to assess, in an attempt to clarify these proceeding and move them forward expeditiously" but maintains that "it was not possible to foresee the number of legal issues that would arise, or the need for confidentiality of investigation." ([65.1] at ¶ 15).

On May 30, 2018, the Woodruff Plaintiffs filed a Notice of Filing Exhibits [66].  They assert that "[b]ecause of painfully slow downloading on the electronic filing system on the evening of May 24, 2018, Plaintiffs were unable to include all exhibits with the Response to the Show Cause Order."  ([66] at 1).  Plaintiffs offer no explanation for their subsequent 5-day delay in filing these exhibits.  Plaintiffs also submit without explanation a new affidavit of Stephen Humphreys[2] which purports to "correct[] some typos and make[] some clarifications."  ([66] at 1).  Plaintiffs argue in the Notice that Plaintiffs' previous filing of a motion to recuse and affidavit under 28 U.S.C. § 144 "requires the Court to take no further action, including the quashing of subpoenas and . . . the promised dismissal of the case." ([66] at 3).

The Woodruff Plaintiffs Notice of Filing also attached *pro se* Plaintiff Randall Woodruff's Response and Consolidate Brief to Show Cause Why Order [66.5].[3]  Plaintiff Randall Woodruff's response incorporates the previously denied Motion to Recuse [4] and requests immediate recusal, appointment of a new judge, and "a hearing to address the merits of this response and all of plaintiff's

---

[2]  Counsel signed the affidavit on May 25, 2018, but waited until May 30, 2018, to file it.

[3]  Plaintiff Randall Woodruff asserts his response was mailed on May 24, 2018.  The response has not been docketed yet.

8

pleadings . . . ." ([66.5] at 1-14, 20-22). He also asserts that the Court barred him

from filing an amended complaint. ([66.5] at 14-18).

## II.   DISCUSSION

### A.   Plaintiffs' Failure to File an Amended Complaint as Ordered

At this stage of the proceedings, two things are clear:  (1) the *pro se*

complaint does not comply with the Federal Rules of Civil Procedure; and (2)

counsel for the represented plaintiffs has been unable to unravel the allegations and

file an amended complaint to properly initiate this case as required by this Court's

order.  Plaintiffs failed to serve the complaint in accordance with Fed. R. Civ. P.

4(m).  Mindful of Plaintiffs' *pro se* status, the Court provided an opportunity for

the corporate Plaintiffs to obtain counsel and Plaintiffs to amend their complaint

and properly effectuate service.  More than two months after the Woodruff

Plaintiffs obtained counsel and six weeks after the Court-imposed deadline,

Plaintiffs still have not filed an amended complaint.

Even though Plaintiffs failed to effect timely service and counsel admits that

the *pro se* complaint "is not readily understandable" ([65.1] at ¶ 14) despite his

diligent two-month effort to clarify this case, counsel maintains that this case

should be stayed while counsel conducts an extensive criminal investigation.  The

Court will not stay a case initiated by the filing of an incomprehensible complaint

that was not timely served.  If Plaintiffs need additional time to sort through the facts and file a complaint that comports with the Federal Rules, the answer is not to stay this action but to dismiss the case without prejudice while Plaintiffs' complete their investigation.

Counsel's desire to conduct an extensive criminal investigation does not provide grounds to stay this case.  Plaintiffs cite no authority authorizing a stay to pursue a six-month criminal investigation following the filing of a deficient complaint.  Even if Plaintiffs had properly initiated this action, no grounds exist to stay this case.  "[A]bsent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel stay of the latter." S.W. v. Clayton Cty. Pub. Sch., 185 F. Supp. 3d 1366, 1371–72 (N.D. Ga. 2016), citing Doe 1 v. City of Demopolis, No. CIV A 09–0329–WS–N, 2009 WL 2059311, at *2 (S.D.Ala. July 10, 2009).  "[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 364 (11th Cir.1994) (quoting United States v. Kordel, 397 U.S. 1, 12 & n. 27 (1970)).  District courts in this circuit typically consider some variation of the following factors when determining whether a civil action should be stayed in light of criminal proceedings:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Clayton Cty. Pub. Sch., 185 F. Supp. 3d at 1371–72, citing City of Demopolis, 2009 WL 2059311, at *3.  None of those factors favors a stay in this case.  Plaintiff failed to establish overlap between this ill-defined case and any criminal case, much less that an indictment has issued in a matter that overlaps with this case.  "[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."  Clayton Cty. Pub. Sch., 185 F. Supp. 3d at 1371–72, quoting Dominguez v. Hartford Fin. Servs. Grp., Inc., 530 F.Supp.2d 902, 906–07 (S.D.Tex.2008))).  Given Plaintiffs delay in pursuing this action, neither the defendants' interests, the Court's interests, or the public interest would be served by granting a stay under these circumstances.

The Court also rejects Plaintiffs' request for an order directing defendants to preserve evidence.  Plaintiff provides scant information justifying such an order and defendants are already obligated to preserve evidence relevant to this case and

are subject to sanctions for spoliation of evidence.  See Flury v. Daimler Chrysler

Corp., 427 F.3d 939, 942 (11th Cir. 2005).

The Court rejects the Woodruff Plaintiffs' request for a blanket order

authorizing the filing of pleadings under seal.  "It is the general policy of this Court

not to allow the filing of documents under seal without a Court order, even if all

parties consent to the filing under seal."  Appendix H(II)(J)(1), NDGa. LR.

Plaintiffs should comply with the Court's detailed instructions for filing documents

Plaintiffs believe should be under seal.  Appendix H(II)(J)(2), NDGa. LR.

Plaintiffs purported need to file documents under seal does not justify non-

compliance with any Court order.

The Court will provide one final opportunity for Plaintiffs to file an

amended complaint.  An amended complaint must be filed by June 8, 2018, or the

Court will dismiss this case without prejudice.

If the represented Woodruff Plaintiffs choose not to file an amended

complaint, Plaintiff Randall Woodruff may file his own amended complaint.[4]  The

---

[4]    The Court did not bar Plaintiff Randall Woodruff from filing an amended
complaint as he argues.  The Court ordered him to refrain from any additional
filings until the filing of an amended complaint by counsel, which counsel
represented would be filed if the Court granted a 21-day continuance.  ([28] at 3;
[25] at 2).  An amended complaint is required to be filed by counsel because three
corporate entities (Woodruff, Wooden Nickel Pub LLC, Wooden Nickel Holdings
LLC, and Nationslink Communications Inc.) seek to be plaintiffs in this action and

Court notes that any amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A *pro se* complaint must comply with the threshold requirements of the Federal Rules of Civil Procedure, and must properly state a claim upon which relief can be granted. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005); Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008). Although courts liberally construe *pro se* pleadings, a litigant is still required to conform to procedural rules, and this Court is not required to rewrite a deficient pleading. See GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), recognizing overruling on other grounds, Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Any amended complaint should clearly articulate the nature of the offense charged for each of the named defendants.

they cannot proceed *pro se*, as explained in the Court's March 1, 2018, Order. ([23] at 9-11).

B.    Plaintiffs' Demand for Recusal

The Court construes Plaintiffs' arguments regarding recusal under 28 U.S.C. § 144 as a motion for reconsideration of the Court's March 1, 2018, Order [23] denying Plaintiffs' Motion for Recusal of Judge William S. Duffey, Jr. [4]. "Motions for reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment." L.R. 7.2(E), NDGa. Plaintiffs' motion for reconsideration is untimely.

Even if considered on the merits, Plaintiffs' motion for reconsideration fails to establish that 28 U.S.C. § 144 requires recusal. 28 U.S.C. § 144, entitled "Bias or prejudice of judge", provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The Court in <u>United States v. Coble</u>, No. CR 15-00285-KD-B, 2018 WL 564948, at *2–3 (S.D. Ala. Jan. 25, 2018), recently summarized the law in the Eleventh Circuit concerning consideration of a motion for recusal under 28 U.S.C. § 144:

> "Judges must recuse themselves when they are personally biased or prejudiced against a party or in favor of an adverse party." <u>Klayman v. City Pages</u>, 650 Fed. Appx. 744, 748 (11th Cir. 2016) (citing 28 U.S.C. § 144). "Disqualification under § 144 requires that a party file an affidavit demonstrating the judge's personal bias or prejudice against that party or in favor of an adverse party." <u>United States v. State of Alabama</u>, 828 F.2d 1532, 1540 (11th Cir. 1987) (superseded by statute on other grounds, as recognized in <u>Lussier v. Dugger</u>, 904 F.2d 661, 664 (11th Cir. 1990)); <u>Dae Eek Cho v. United States</u>, 687 Fed. Appx. 833, 839 (11th Cir. 2017) ("Relief pursuant to 28 U.S.C. § 144 requires an affidavit, which must 'state the facts and the reasons for the belief that bias or prejudice exists.'"). "'To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists.'" <u>Klayman</u>, 605 Fed. Appx. at 748 (quoting <u>Christo v. Padgett</u>, 223 F.3d 1324, 1333 (11th Cir. 2000)).
>
> Also, the "statute mandates that the affidavit be filed within a specified time period and that it be accompanied by a certificate of good faith by a counsel of record." <u>United States v. State of Alabama</u>, 828 F. 2d at 1540. "If an affidavit is timely and technically correct, the trial judge may not pass upon the truthfulness of the facts stated in the affidavit even when the court knows these allegations to be false." <u>Id.</u>; <u>see also</u> <u>Christo</u>, 223 F. 3d at 1333 ("Properly pleaded facts in a § 144 affidavit must be considered as true.") "The statute restricts the trial judge to determining whether the facts alleged are legally sufficient to require recusal." <u>United States v. State of Alabama</u>, 828 F. 2d at 1540. "The test for legal sufficiency adopted by this

Court requires a party to show: 1. The facts are material and stated with particularity; 2. The facts are such that, if true they would convince a reasonable person that a bias exists; 3. The facts show that the bias is personal, as opposed to judicial, in nature." Id.; Young v. Smith, 2015 WL 1541686, at *1 (S.D. Ga. Mar. 31, 2015) (same). Therefore, "(b)efore a judge recuses herself, a § 144 affidavit must be 'strictly scrutinized for form, timeliness, and sufficiency.'" United States v. Perkins, 787 F. 3d 1329, 1343 (11th Cir. 2015) (quoting United States v. Womack, 454 F. 2d 1337, 1341 (5th Cir. 1972)); Young, 2015 WL 1541686, at *1 ("Because the statute 'is heavily weighted in favor of recusal,' [the] requirements are to be strictly construed to prevent abuse.") (citation omitted).

Plaintiffs Randall Woodruff and Michael Woodruff, while proceeding *pro se,* submitted a joint affidavit providing the grounds supporting their motion to recuse. ([4.1]). Their affidavit was not accompanied by a certificate of counsel of record stating that the affidavit was made in good faith. Though the Woodruff Plaintiffs are now represented by counsel and re-raised the issue of recusal under § 144 in their recent Notice of Filing and referenced Plaintiffs' affidavit, Plaintiffs still did not submit the required certification of counsel. Plaintiffs have not met the procedural requirements of § 144. United States v. Coble, 2018 WL 564948, at *3, citing United States v. Perkins, 787 F.3d at 1343 (finding that the district court did not abuse its discretion in denying Perkins' *pro se* motion pursuant to 28 U.S.C. § 144 because his affidavit "did not meet the procedural requirements of § 144 because it was not accompanied by a good-faith certificate from his appointed counsel of record" without discussion of the other procedural requirements);

16

Guthrie v. Wells Fargo Home Mortgage. NA, 2015 WL 1401660, at *2 (N.D. Ga. Mar. 26, 2015) ("In light of the mandatory and automatic nature of recusal under the statute, its potential for abuse, and the availability of other statutory mechanisms pursuant to which an unrepresented litigant may seek the recusal of a federal judge, the absence of such a certificate has proven fatal to even the § 144 motions of *pro se* litigants.") (collecting cases); Odouk v. St. Leo University, 2011 WL 13176106, *4 (N.D. Ga. Feb. 28, 2011) (same) (quoting Clark v. Deal, 2009 WL 4899425, *2 (N.D. Ga. Dec. 11, 2009)). "Procedural deficiencies alone compel the denial of Plaintiff's motion under § 144." Guthrie, 2015 WL 1401660 at *2.

Plaintiffs' motion under § 144 also fails to provide legally sufficient grounds for recusal. Rather than articulating material facts with particularity, Plaintiffs' affidavit states that they have been "informed" that certain individuals "would be discussing the case with Judge William Duffey," were "going to speak to Judge William Duffey about the case to get it dismissed," or were "supposed to be discussing this case with Judge William Duffey." ([4.1]at 1-3). Plaintiffs do not provide the source of their information or any support for their belief that such

communications would occur, much less that they have occurred.[5]  Plaintiffs'

affidavit also references alleged actions by judges in other courts that have no

articulated, or cognizable, relation to this Court's proper consideration of this case.

([4.1] at 2-3).  Plaintiffs have failed to articulate any material facts with

particularity that would convince a reasonable person that bias actually exists.

Plaintiffs' general allegations of the Court's prejudice against *pro se* litigants

and Plaintiffs in particular also do not provide a legally sufficient basis for recusal.

Plaintiffs have stated no material facts, much less with particularity, in support of

their contentions.  Plaintiffs affidavit states that "Petitioners will be submitting

significant evidence of public records who [sic] have provided indisputable proof

that Judge William Duffey has prejudice against pro se litigants."  ([4.1] at 4).

Plaintiffs did not submit those records.  Even if Plaintiffs cited adverse rulings

against them or other *pro se* litigants, "it is settled that prior adverse judicial

rulings supply no independent basis for recusal."  Guthrie, 2015 WL 1401660 at

*2, citing United States v. Merkt, 794 F.2d 950, 960–61 (5th Cir.1986); Giladi v.

Strauch, No. 94 Civ. 3976, 1996 WL 18840, at *5 (S.D.N.Y. Jan.18, 1996)

("'[R]epeated rulings against a litigant, no matter how erroneous and how

vigorously and consistently expressed, are not a basis for disqualification of a

---

[5]      The Court has not communicated with any of the individuals referenced in
Plaintiffs' affidavit regarding this case.

judge on the grounds of bias and prejudice.'") (quoting United States v. IBM Corp., 475 F. Supp. 1372, 1381 (S.D.N.Y. 1979)).

Plaintiffs' motion for recusal under § 144 is procedurally deficient and fails to articulate cognizable bases for recusal under that statute.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs Michael Shane Woodruff, Wooden Nickel Pub LLC, Wooden Nickel Holdings LLC, and Nationslink Communications Inc.'s Motion for Leave to File Matters Under Seal [53] is **DENIED**.  All relief requested in that motion is denied.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until June 8, 2018, to file an amended complaint that comports with the Federal Rules.  If Plaintiffs do not file an amended complaint by that date, this action will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for reconsideration of the Court's Order of March 1, 2018, denying Plaintiffs' Motion for Recusal of Judge William Duffey, Jr. [4] as articulated in Plaintiff Randall Woodruff's response [66.5] and the Woodruff Plaintiffs' Notice of Filing [66] is **DENIED**.

**SO ORDERED** this 31st day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE